UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SHIRLEY NEWMAN and ANTHONY BUTLER, | NO. CIV. 2:09-3441 WBS KJN |
| Plaintiffs, | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| v. | |
| SAN JOAQUIN DELTA COMMUNITY COLLEGE DISTRICT; DANIELE RULEY; JAMES WOOD; and DOES 1 through 100, inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiffs Shirley Newman and Anthony Butler brought this action under 42 U.S.C. § 1983 against defendants San Joaquin Delta Community College District ("Delta College"), Daniele Ruley, and James Wood for alleged violations of their constitutional rights. Presently before the court are defendant Wood's motion to dismiss plaintiffs' Third Amended Complaint ("TAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) and

1

1 motion to strike portions of the TAC pursuant to Rule 12(f).

2 I.   Factual and Procedural Background

3        In 2008, plaintiffs were students at Delta College. (TAC ¶ 11.)  Plaintiff Newman allegedly suffers from post-traumatic stress disorder and spinal damage and disease.  (Id. ¶ 10.)  Delta College was allegedly aware of Newman's ailments, since she had suffered anxiety attacks on numerous occasions.  (Id. ¶ 13.)  As a result of her medical conditions, Newman wears a medic-alert bracelet on her wrist that lists her medical aliments and Butler, Newman's husband and legally designated care provider, as an emergency contact.  (Id. ¶¶ 10-11.)

        On March 13, 2008, plaintiffs were attending class at Delta College.  (Id. ¶ 12.)  At approximately 11:30 a.m., Butler was attending a writing lab class in the Holt Building on the Delta College campus.  (Id.)  At the time, Newman was attending a different class in the same building.  (Id.)  During her class, Newman allegedly began suffering from extreme anxiety and left her classroom to go to Butler's class, as she normally would during an anxiety attack.  (Id. ¶ 13.)  Upon entering the Butler's class, the class's instructor, Dr. Elizabeth Maloney, allegedly escorted Newman and Butler into a private classroom.  (Id.)  In the room, Newman allegedly knocked some items off of a desk and said she was "looking for something to hurt somebody."  (Id.)  Patti Lynn Drake, who was in the room at the time, left and called the Delta College police, mentioning that Newman was ill.  (Id.)

        The Delta College Police call center dispatched Delta College Police Officers Ruley and Wood to investigate.  (Id. ¶

14.) When Ruley and Wood arrived at the classroom, plaintiffs were allegedly peacefully leaving. (Id. ¶ 15.) Wood allegedly attacked Butler without provocation and used unreasonable force in dragging him out of the classroom while Ruley grabbed Butler's shirt and pulled it over his head. (Id.) Wood then took Butler to the ground, restraining him face-down. (Id.) With Butler retrained, Ruley allegedly threw Newman against a wall with a great amount of force. (Id.) Ruley allegedly remarked that she had just had "a great workout" and made racially derogatory remarks. (Id. ¶¶ 15-16.) Plaintiffs were subsequently detained by Ruley and Wood. (Id. ¶¶ 15, 18.)

On March 14, 2008, plaintiffs received a letter from Delta College's Vice President of Student Services, Jose Michel, temporarily suspending them for an alleged assault on a Delta College police officer. (Id. ¶ 21(i).) Michel sent plaintiffs another letter on March 17, 2008, suspending them through the summer of 2008 for assaulting a campus police officer and causing a disturbance. (Id. ¶ 21(j).) Delta College upheld the suspensions on April 8, 2008, based in part on allegedly false testimony from Ruley that plaintiffs were struggling with each other. (Id. ¶ 21(l).)

On May 5, 2008, Delta College provided that Newman could be reinstated for the summer 2008 session if she brought a recent evaluation by a licensed psychiatrist regarding her treatment plan. (Id. ¶ 21(m).) Newman was denied summer enrollment after she provided a letter from a therapist instead of a psychiatrist. (Id. ¶ 21(n).) On June 2, 2008, Delta College contacted Newman and indicated that her fall 2008

3

enrollment would also be contingent upon receiving a letter from a psychiatrist about her treatment plan. (Id. ¶ 21(o).) On July 21, 2008, Newman's suspension was rescinded and her student record was allegedly cleared. (Id. ¶ 21(p).)

Plaintiffs filed this action on September 12, 2008, in San Joaquin County Superior Court and subsequently filed a First Amended Complaint on November 19, 2009. (Docket No. 1.) Defendants removed the case to this court on December 11, 2009. (Id.) Defendant Woods filed a motion to dismiss the First Amended Complaint on January 5, 2010. (Docket No. 8.) In response, plaintiffs filed a statement of non-opposition and requested leave to file a Second Amended Complaint ("SAC") (Docket No. 12), which the court granted. (Docket No. 25.) After the court granted in part and denied in part Wood's motion to dismiss the SAC, plaintiff filed the TAC (Docket No. 40), which Wood now moves to dismiss.

II. Discussion

    A. Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Wood argues that the TAC's references to "Doe" defendants should be stricken. As a general rule, the use of fictitious Doe defendants is not favored in federal court. See Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) accord Turner v. County of Los Angeles, 18 Fed. Appx. 592, 596 (9th Cir. 2001). While plaintiffs may seek to amend the TAC to add the presently unknown parties pursuant to Federal Rule of Civil Procedure 15,

4

the inclusion of Doe defendants in the TAC is inappropriate and accordingly the court will grant defendant's motion to strike the TAC's references to Doe defendants.  See Graziose v. Am. Home Products Corp., 202 F.R.D. 638, 643 (D. Nev. 2001).

### B. Motion to Dismiss

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

#### 1. Newman's Claims

Wood contends that Newman's battery, § 1983, intentional infliction of emotional distress, negligent infliction of emotional distress, and false imprisonment claims should be dismissed because the TAC does not allege any illegal acts taken by Wood against Newman specifically.

##### a. Battery

Under California law, the elements of battery are "(1)

5

defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." Brown v. Ransweiler, 171 Cal. App. 4th 516, 526-27 (2009) (internal citations omitted). An officer "may use reasonable force to make an arrest, prevent escape or overcome resistance, and need not desist in the face of resistance." Munoz v. City of Union City, 120 Cal. App. 4th 1077, 1102 (2004) (internal citations omitted). Accordingly, when a state law battery claim is brought against a police officer, "a plaintiff must prove that the peace officer's use of force was unreasonable . . . . The question is whether a peace officer's actions were objectively reasonable based on the facts and circumstances confronting the peace officer." Id. at 527; see also Blankenhorn v. City of Orange, 485 F.3d 463, 486-87 (9th Cir. 2007).

The TAC alleges that Wood attacked Butler and that Officer Ruley used force against Newman. It does not allege that Wood used any force against Newman. Instead, Newman seeks recovery from Wood on the theory that he and Ruley acted as joint tortfeasors in bringing about the harm to Newman. California law allows for joint liability of aiders and abettors to an intentional tort. Austin B. v. Escondido Union Sch. Dist., 139 Cal. App. 4th 860, 879 (2007). Under California law,

> [l]iability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes

6

a breach of duty to the third person.
Id. (internal citations omitted); see also River Colony Estates Gen. P'ship v. Bayview Fin. Trading, 287 F. Supp. 2d 1213, 1225 (S.D. Cal. 2003) ("A party can be liable for aiding and abetting an intentional tort if . . . an individual is aware that the other's conduct constitutes a breach of duty and provides substantial assistance or encouragement to the other to so act."). "Mere knowledge that a tort is being committed and the failure to prevent it does not constitute aiding and abetting. As a general rule, one owes no duty to control the conduct of another . . . . More specifically, a supervisor is not liable to third parties for the acts of his or her subordinates." Fiol v. Doellstedt, 50 Cal. App. 4th 1318, 1326 (1996) (citations omitted).

Taking the allegations of the TAC in a light most favorable to plaintiffs, it is plausible that Wood could be jointly liable for the Ruley's use of force against Newman under an aiding and abetting theory.  Plaintiffs allege that Wood began the altercation with them by grabbing Butler and dragging him to the ground while he was peacefully exiting a Delta College classroom.  (TAC ¶ 15.)  Ruley was allegedly a probationary officer being supervised by Wood, her partner.  (Id. ¶ 8.)  Ruley allegedly helped Wood pull Butler to the ground and then slammed Newman against a wall.  (Id. ¶ 15.)  Under these circumstances, it is plausible that Wood's use of allegedly unreasonable force against Butler substantially encouraged Ruley to use similar levels of force against Newman because of their supervisory relationship.  See Orser v. Vierra, 252 Cal. App. 2d 660, 668-69

7

(1967) (holding defendants were joint tort feasors because the firing of rifle shots by one defendant encouraged other defendants to fire the shots that killed decedent). Accordingly, the court must deny Wood's motion to dismiss Newman's battery claim.

### b. Remaining State Law Claims

Wood contends that Newman's intentional infliction of emotional distress, negligent infliction of emotional distress, and false imprisonment claims must be dismissed because Newman has not alleged conduct taken directly by Wood against her. However, as explained above, taking the facts in a light most favorable to Newman, she has pleaded facts sufficient to support a finding that Wood may be liable as a joint tort feasor for Ruley's torts against her. Since the use of force at issue in Newman's battery claim is the basis of liability for Newman's intentional and negligent infliction of emotional distress claims, defendant's motion must be denied.

Also, under California law, "[a]ll who take part in or assist in the commission of a false imprisonment are joint tort feasors, and may be joined as defendants without an allegation or proof of a conspiracy." Harden v. San Francisco Bay Area Rapid Transit Dist., 215 Cal. App. 3d 7, 15 (1989) (citations omitted). The TAC alleges that Ruley and Wood arrested both plaintiffs and detained them. (TAC ¶ 15.) Accordingly, Newman has sufficiently alleged a claim for false imprisonment against Wood.

### c. § 1983 Claim

In her § 1983 claim, Newman alleges that Wood violated her right to be free from unreasonable seizure, "both by arrest

8

and detention absent probable cause and by the use of excessive force," in contravention of the Fourth and Fourteenth Amendments. (TAC ¶ 25.)  Wood contends that Newman's § 1983 claim is insufficient because the TAC does not plead facts that indicate that Wood was directly involved in the force used against Newman or her arrest and detention.

"In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . ." Jones v. Williams,  297 F.3d 930, 934 (9th Cir. 2002) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)).  The TAC alleges that Wood and Ruley both arrested and detained Newman without probable cause.  (TAC ¶¶ 15, 25.)  Newman has therefore alleged direct involvement by Wood in an alleged violation of her Fourth Amendment rights.  Accordingly, the court must deny Wood's motion to dismiss Newman's § 1983 claim.

          2.   Government Claims Act Compliance

Wood lastly contends that all state law claims against him should be dismissed because plaintiffs failed to present a valid California Government Tort Claim prior to filing this action.  In order to bring a cause of action against a public entity under California law, a plaintiff must first file a claim with that public entity pursuant to the California Government Claims Act, Cal. Gov't Code §§ 810-978.8.  Under California Government Code section 911.2, a plaintiff must file a claim for money or damages with the relevant public entity within six months of the accrual of the cause of action.  Cal. Gov't Code § 911.2.  The failure to do so bars the plaintiff from bringing

9

suit against the public entity.  Cal. Gov't Code § 945.4; <u>State v. Superior Court</u>, 32 Cal. 4th 1234, 1239 (2004).  A plaintiff may only bring a lawsuit against the public entity once the public entity's board has acted upon or is deemed to have rejected plaintiff's claim.  Cal. Gov't Code §§ 912.4, 945.4; <u>Shirk v. Vista Unified Sch. Dist.</u>, 42 Cal. 4th 201, 209 (2007). A complaint which does not allege facts demonstrating compliance with the claims statute may be dismissed for failure to state a claim.  <u>Id.</u>

This claims presentation requirement serves several purposes: "(1) it gives the public entity prompt notice of a claim so it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available; (2) it affords opportunity for amicable adjustment, thereby avoiding expenditure of public funds in needless litigation; and (3) it informs the public entity of potential liability so it can better prepare for the upcoming fiscal year." <u>Munoz v. State of Cal.</u>, 33 Cal. App. 4th 1767, 1776 (1995).

Plaintiffs concede that their claims are subject to the claims presentation requirement, but contend that they have sufficiently complied with the Government Claims Act. Specifically, plaintiffs allege that they sent a letter to the Chancellor's Office at Delta College describing the incident in question on March 21, 2008, filed an Online Citizen's Complaint form with the Delta College Police Department in April of 2008, filed an unlawful discrimination complaint with the California Community Colleges Chancellor's Office on May 23, 2008, and each sent a statement of damages to Delta College on July 21, 2008.

10

(TAC ¶ 9.)  Plaintiffs further allege that Vincent Brown, the Vice Principal in charge of Human Resources and Employee Relations at Delta College, refused to assist plaintiffs in filing a claim with Delta College or provide plaintiffs with a claim form.  (Id. ¶ 9(g).)

Although plaintiff's communications did not comply with all elements of the Government Claims Act, "[w]here there has been an attempt to comply but the compliance is defective, the test of substantial compliance controls.  Under this test, the court must ask whether sufficient information is disclosed on the face of the filed claim to reasonably enable the public entity to make an adequate investigation of the merits of the claim and settle it without the expense of a lawsuit." Wood v. Riverside Gen. Hosp., 25 Cal. App. 4th 1113, 1118 (1994).  It is well-recognized that courts should construe the Government Claims Act liberally in favor of plaintiffs so as not to harshly deny relief to injured parties.  See Munoz, 33 Cal. App. 4th at 1778.

Plaintiffs' efforts substantially complied with the Government Claims Act because plaintiffs' complaints alerted Delta College to the basis of the claims against Delta College, Ruley, and Wood, and the amount of damages that plaintiffs were seeking.  In plaintiffs' Online Citizen Complaint form, Newman even specifically identified Wood and Ruley and the officers who used force against her and arrested her.  Under the facts as alleged, Delta College should have been aware that a monetary claim was being asserted against it and had sufficient information such that it could thoroughly investigate plaintiffs' claims.  Plaintiffs accordingly have sufficiently alleged

11

substantial compliance with the claims presentation requirements of the Government Claims Act.

IT IS THEREFORE ORDERED that Wood's motion to dismiss be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Wood's motion to strike the TAC's reference to Doe defendants be, and the same hereby is, GRANTED.

DATED: September 13, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

12