**MAYALL, HURLEY, KNUTSEN, SMITH & GREEN**
A Professional Corporation
2453 Grand Canal Boulevard, Second Floor
Stockton, California 95207-8253
Telephone (209) 477-3833
J. ANTHONY ABBOTT
CA State Bar No. 083975
PETER A. DEVENCENZI
CA State Bar No. 266189

Attorneys for Defendant,
SAN JOAQUIN DELTA COMMUNITY
COLLEGE DISTRICT

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY A. NEWMAN AND ANTHONY C. BUTLER,<br><br>　　Plaintiffs,<br><br>vs.<br><br>SAN JOAQUIN DELTA COMMUNITY COLLEGE DISTRICT AND DOES 1 THROUGH 15, INCLUSIVE,<br><br>　　Defendants. | No. 2:09-CV-03441-WBS-KJN<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

　　Subject to the approval of this court, and in response to the ORDER signed by the United States Magistrate Judge on December 17, 2010 and filed December 20, 2010, the parties in the above entitled matter hereby submit the following Amended Stipulated Protective Order:

　　1.　The parties hereby agree that the following information shall remain confidential:

　　(a)　Officer Danielle Ruley's personnel file, pages SJDC 000302 through SJDC 000326, produced in response to plaintiffs Request For Production, Set One, Request No. 6.

　　(b)　Officer James Woods' personnel file, pages SJDC 000327 through SJDC 000394, produced in response to plaintiffs Request For Production, Set One, Request No. 5.

　　(c)　The Delta College Police Department's internal affairs investigation report of the incident of March 13, 2008, pages SJDC 000395 through SJDC 000404, produced in response to plaintiffs Request For Production, Set One, Request No. 3.

2.     Pursuant to Local Rule 141.1(c)(3), the parties state the following regarding the need for a protective order as opposed to a private agreement among the parties:

a.     Defendant SAN JOAQUIN DELTA COMMUNITY COLLEGE DISTRICT (DISTRICT) has a policy of keeping its police officers' personnel files and the results of internal affairs investigations confidential to the extent allowed by law.  This policy is based in part on the proposition that the officers' personnel files are privileged as confidential "official information." (*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990); *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992); *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987)).  Further, under California law, police officer personnel files and internal affairs investigation records regarding citizen complaints against officers are protected by Penal Code Sections 832.7(a) and 832.5, and Evidence Code Sections 1043 and 1045. (*Berkeley Police Association v. City of Berkeley*, 167 Cal.App.4th 385, 401 (2008); *City of Richmond v. Superior Court*, 32 Cal.App.4th 1430 (1995)).  Disclosure of police officer personnel files or internal affairs investigation records without a court order violates these sections.  To avoid such a violation of state law and any inadvertent waiver of these protections, and to rebut any argument which may be made in this or any future case against the DISTRICT that it does not in fact use best efforts to keep such files confidential, or that it shared the above documents voluntarily with the plaintiffs (i.e., per agreement), DISTRICT desires that the above-described material be protected by an order of the court.  (See *In Re Adobe Systems, Inc., Securities Litigation* (N.D. Cal. 1992) 141 F.R.D. 155, 163, information is less likely to remain confidential when it has already been shared with others).  Further, an agreement of the parties is potentially inadequate because there is no ready enforcement mechanism in the event of a breach of the agreement.

b.     The parties to this Amended Stipulated Protective Order other than DISTRICT, without conceding the accuracy of the factual assertions or correctness of the legal analysis set forth in paragraph 1a above, have no objection to the Order, and request that it issue as set forth herein.

2.     Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part

from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

3. The parties agree that the attached nondisclosure agreement shall be signed by all persons to whom this information is disclosed before the disclosure with the exception of the attorneys and staff of the attorney's office.

4. Confidential material produced pursuant to this Order may be disclosed or made available only to the court at any proceeding, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)   a party, or an officer director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)   experts or consultants (together with their clerical staff) retained by counsel for a party to assist in the prosecution, defense, or settlement of this action;

(c)   court reporter(s) employed in this action;

(d)   a witness at any deposition or other proceeding in this action;

(e)   any other person as to whom the parties in writing agree.

5. In the event that any confidential material is used in any court proceeding in this action, it shall not lose its confidential status through such use.

6. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the court unnecessarily in the process

7. This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not or does not become known to the public. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as confidential and all copies of same, or shall certify destruction thereof.

//

//

SO STIPULATED:

DATED: 1/7/11        **LAW OFFICES OF KENNETH N. MELEYCO**

By    /s/ Kenneth N. Meleyco
          KENNETH N. MELEYCO, Attorney for Plaintiffs

DATED: 1/7/11        **RYALS & BREED, P.C.**

By    /s/ Stephen M. Ryals
          STEPHEN M. RYALS, Attorney for Plaintiffs

DATED: 1/7/11        **MAYALL, HURLEY, KNUTSEN, SMITH & GREEN**

By    /s/ J. Anthony Abbott
          J. ANTHONY ABBOTT, Attorney for Defendant
          SAN JOAQUIN DELTA COMMUNITY COLLEGE DISTRICT

DATED: 1/7/11        **MASTAGNI, HOLSTEDT, AMICK, MILLER & JOHNSEN**

By    /s/ James B. Carr
          JAMES B. CARR, Attorney for Defendant JAMES WOOD

DATED: 1/7/11        **THE LAW OFFICE OF MICHAEL MATTEUCCI**

By    /s/ Michael J. Matteucci
          MICHAEL J. MATTEUCCI, Attorney for Defendant DANIELE
          RULEY

## ORDER

IT IS HEREBY ORDERED that the Amended Stipulated Protective Order filed by the parties (Dkt. No. 63) is APPROVED.[1]  Any request to submit confidential material to the court under seal shall be made separately and comply with this court's Local Rules, including Local Rule 141.

IT IS SO ORDERED.

DATED:  January 7, 2011            /s/ Kendall J. Newman
                                   KENDALL J. NEWMAN
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] For the sake of clarity, the court notes that it expresses no view regarding, and does not assent to, the legal conclusions contained in section 1.a of the Amended Stipulated Protective Order.

Page 4
Amended Stipulated Protective Order (2:09-CV-03441-WBS-KJN)

**Attachment A**

**NONDISCLOSURE AGREEMENT**

I, _____ do solemnly swear that I have read the Stipulated Protective Order entered in <u>Newman and Butler v. San Joaquin Delta Community College District</u>, United States District Court for the Eastern District of California, Civil Action No. 2:09-cv-03441-WBS-KJN, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED:

_____