IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHIRLEY A. NEWMAN and
ANTHONY C. BUTLER,

      Plaintiffs,                    No. 2:09-cv-03441 WBS KJN

    v.

SAN JOAQUIN DELTA COMMUNITY
COLLEGE DISTRICT, a public entity;
DANIELLE RULEY, JAMES WOOD,

      Defendants.                 ORDER
_____/

        Presently before the court is defendant San Joaquin Delta Community College District's ("District") motion to compel a further response by plaintiff Shirley A. Newman to a single interrogatory, which is brought pursuant to Federal Rule of Civil Procedure 37(a).[1] (Mot. to Compel, Dkt. No. 86.) The court heard this matter on its law and motion calendar on April 7, 2011. (Minutes, Apr. 7, 2011, Dkt. No. 93.) Attorney Kenneth N. Meleyco appeared on behalf of Ms. Newman. Attorney Johanne C. Medina appeared on behalf of the District.

        Although the District's motion to compel originally sought further responses to three interrogatories, the parties informally resolved their dispute as to two of those

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

interrogatories in advance of the hearing on the District's motion to compel.[2]  All that remains is a dispute regarding Interrogatory No. 8 of the District's first set of interrogatories, and the parties' respective requests for attorney's fees related to the discovery dispute.  The parties filed a "joint statement re discovery disagreement" in accordance with Local Rule 251.  (Joint Statement, Dkt. No. 92.)

At the hearing, the undersigned and the parties engaged in a lengthy discussion of Interrogatory No. 8 and Ms. Newman's response thereto.  The parties were able to reach a mutually acceptable clarification of Ms. Newman's response to Interrogatory No. 8, which resolves the District's motion and is set forth below.  Accordingly, the undersigned denies the District's motion to compel as moot and denies the parties' respective requests for the award of fees and costs.

Central to the pending motion to compel, are paragraphs 20 and 21(a) of the Third Amended Complaint.[3]  In paragraph 20, plaintiffs allege that the District had a duty to, among other things, train its police officers, including Delta College Police Officers Ruley and Woods.  (Third Am. Compl. ¶ 20.)  They further allege that the District was "deliberatively indifferent in the discharge of that duty, causing a violation of the constitutional rights of Plaintiffs."  (Id.)  In paragraphs 21 and 21(a), plaintiffs allege:

> 21.  The failures of Defendant DELTA COLLEGE include the following:
>
> a.  Failure to train and teach its police officers recognized and established protocols for dealing with handicapped students, evidenced by and including blatant disregard for medic-alert bracelet clearly identifying NEWMAN as having medical needs which necessitated special care and treatment.

---

[2] As the undersigned noted at previous hearings in this matter, the court appreciates the willingness and ability of the attorneys in this case to informally resolve discovery disputes.

[3] The Third Amended Complaint contains errors insofar as the sequential numbering of paragraphs is concerned.  It contains allegations numbered 1 through 21(r), but thereafter alleges facts in paragraphs numbered 16 through 69.  Thus, there are two sets of paragraphs numbered 20 and 21.  The pending motion relates to the first appearing set of allegations.

1  (Id. ¶¶ 21-21(a).)

2  On August 25, 2010, the District propounded its first set of interrogatories to

3  Newman.  (Abbot Decl., Feb. 28, 2011, ¶ 3 & Ex. 1, Dkt. No. 86, Doc. No. 86-2.)  Seeking

4  information regarding the basis for the allegations in paragraph 21(a), the District propounded the

5  following Interrogatory No. 8:

> 8.   State verbatim the "recognized and established protocols for dealing with handicapped students," as alleged in paragraph 21a of the Third Amended Complaint.

8  (Abbot Decl., Ex. 1.)

9  Following efforts by counsel to meet and confer, Ms. Newman ultimately served a

10  second amended response to Interrogatory No. 8, which states:

> The Standards are promulgated pursuant to Penal Code section 13515.25 and Learning Domains 37 and 34.  Specifically, Learning Domain 37 concerning Field Contacts with Mentally Disabled Persons in Chapter 4 – Mental Illness, addresses how officers are to approach persons who are mentally disabled and how to handle a situation.
>
> Learning Domain 34 concerning first aid and CPR has a number of sections dealing with the need for an officer to recognize a medical alert identification bracelet.  The section dealing with seizures, Chapter 5 – Medical Emergencies, concerning diabetic emergencies and a section dealing with poison and substance abuse all stress the need to be on the look out for medical alert jewelry, etc.

18  (Suppl. Abbott Decl., Mar. 21, 2011, Ex. 7, Dkt. No. 92, Doc. No. 92-1.)  The parties' dispute

19  herein centers on whether Ms. Newman's second amended response to Interrogatory No. 8

20  sufficiently identifies the specific protocols upon which Ms. Newman relies in her allegation of a

21  failure to train and teach in paragraph 21(a) of the Third Amended Complaint.

22  At the hearing on the District's motion to compel, Ms. Newman's counsel

23  clarified several matters related to the allegation of a "failure to train and teach. "  As an initial

24  matter, Ms. Newman's counsel clarified that Ms. Newman does not contend that the officers

25  involved in this case were not trained at all insofar as Learning Domains 34 and 37 are

26  concerned.  Rather, Ms. Newman contends that although the officers were trained in those

Learning Domains at Police Officers Standards and Training academies prior to their respective employment with the District (see also Meleyco Decl. at 2, Dkt. No. 92, Doc. 92-2), the District failed to retrain or "refresh" the officers on these specific Learning Domains as part of the officers' employment with the District.  Specifically, Ms. Newman's counsel clarified that the specific protocols at issue in paragraph 21(a) of the Third Amended Complaint consist of: (1) the two pages of protocols related to "Field Contacts with People with Mental Illness" stated in Learning Domain 37,[4] versions of which are appended to the Declaration of Kenneth N. Meleyco (see Meleyco Decl., Exs. A-C); and (2) Learning Domain 34, which requires that officers be on the lookout for medical alert jewelry.  The District's counsel was agreeable to this clarification of Ms. Newman's interrogatory response.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant San Joaquin Delta Community College District's motion to compel a further response to Interrogatory No. 8 of its first set of interrogatories (Dkt. No. 86) is denied as moot.

2. The parties shall bear their own fees and costs in connection with the motion to compel.

IT IS SO ORDERED.

DATED: April 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] The undersigned notes that Ms. Newman's expert witnesses might need to, and may, refer to other materials, primarily other portions of Learning Domain 37, to provide context for or define terms used in the specific protocols at issue in Learning Domain 37.  However, such latitude is not meant to permit Ms. Newman's experts to spin new theories of liability from a host of other materials not provided to the defendants in this case.  The point of discovery is to allow the parties to ascertain, rather than obscure, the facts supporting a plaintiff's theory of his or her case and those facts supporting a defendant's proffered defenses.