IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHIRLEY A. NEWMAN and
ANTHONY C. BUTLER,

        Plaintiffs,                No. 2:09-cv-03441 WBS KJN

   v.

SAN JOAQUIN DELTA COMMUNITY
COLLEGE DISTRICT, a public entity;
DANIELE RULEY, JAMES WOOD,

        Defendants.              <u>ORDER</u>
_____/

        Presently before the court is defendant San Joaquin Delta Community College District's ("District") motion for a protective order brought pursuant to Federal Rule of Civil Procedure 26(c)(1).[1]  (Mot. for Prot. Order, Dkt. No. 95.)  The District seeks an order barring plaintiffs from inspecting and copying defendant Daniele Ruley's employment records that relate to her employment with her current employer, Gallo Winery, which the parties also refer interchangeably as the "Gallo family."  The parties filed a timely Joint Statement re Discovery Disagreement pursuant to Eastern District Local Rule 251 ("Joint Statement").  (Joint Statement, Dkt. No. 96.)

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

The court heard this matter on its law and motion calendar on May 5, 2011. Attorney Kenneth N. Meleyco appeared on behalf of plaintiffs. Attorney Johanne C. Medina appeared on behalf of the District. The undersigned has fully considered the parties' submissions, oral arguments, and appropriate portions of the record in this case and, for the reasons that follow, grants the District's motion and enters a protective order precluding plaintiffs from inspecting and copying Ruley's employment records from Gallo Winery or the Gallo family. Plaintiffs have simply articulated no basis for this court to find that the records sought are relevant to the parties' claims or defenses in this action or that the discovery is reasonably calculated to lead to the discovery of admissible evidence.[2]

I.  BACKGROUND

   A.  General Background[3]

The operative Third Amended Complaint alleges that plaintiffs are husband and wife and were students enrolled in and attending classes at San Joaquin Delta Community College ("Delta College") in March 2008. (Third Am. Compl. ¶¶ 1, 10-11, 13, Dkt. No. 40.) Newman allegedly "suffers from post-traumatic stress disorder and spinal damage and disease" and, as a result, always wears on her wrist a "medic-alert bracelet," which states, in part: "Diabetic, epileptic, Gabapentin, high blood pressure, psychotic disorder . . . ." (Id. ¶ 10.) The medic-alert bracelet also allegedly lists Anthony Butler, a plaintiff in this action and Newman's husband during the events in question, as an emergency contact and contains contact information

---

[2] The District did not seek an award of attorney's fees, costs, or sanctions in connection with being forced to seek this protective order, and its counsel confirmed at the hearing that the District is not seeking such an award. See Fed. R. Civ. P. 26(c)(3), 37(a)(5). Thus, the undersigned does not presently award attorney's fees, costs, or sanctions to the District. However, should plaintiffs force the defendants in this action to seek future discovery relief because of a meritless position such as the one taken by plaintiffs here, the undersigned will readily consider imposing an award of fees, costs, or sanctions as directed by Rule 37, after providing an opportunity to be heard, even in the absence of a specific request by defendants.

[3] The following is not intended to be a complete recitation of the allegations in plaintiffs' operative complaint.

for Butler. (Id.) Plaintiffs allege that as a result Newman's disabilities, Newman suffers from "severe and extreme anxiety" from time to time. (Id. ¶ 13.) They also allege that Delta College was aware of Newman's disabilities. (Id.)

On March 13, 2008, plaintiffs were allegedly attending classes in separate classrooms at Delta College. (Third Am. Compl. ¶¶ 11-12.) Plaintiffs allege that at approximately 11:30 a.m., Newman began suffering from "severe and extreme anxiety" and exited her classroom and went to the classroom where Butler, her husband, was attending class. (Id. ¶ 13.) This was allegedly Newman's "usual course of conduct when struck by anxiety" and, when Newman reached her husband's classroom, the instructor allegedly escorted Newman and Butler to a private room. (Id.) Once in the private room, Newman allegedly "knocked some items off a desk and said she was looking for something to hurt somebody." (Id.) A woman who was in the room at the time allegedly called the police and reported that Newman was ill. (Id.) Plaintiffs allege that two officers, Delta College Police Officers Ruley and Wood, were dispatched to the scene. (Id. ¶ 14.)

Plaintiffs allege that although they were "peacefully leaving" the classroom when Officers Ruley and Wood arrived, the officers attacked plaintiffs. (See Third Am. Compl. ¶ 15.) Briefly stated, plaintiffs allege that Officers Ruley and Wood attacked Butler without provocation and used unnecessary and unreasonable force in detaining and restraining Butler. (See id.) They also allege that Officer Ruley threw Newman "against a stout wall with great and unreasonable force." (Id.) Plaintiffs allege that they were then "falsely imprisoned and detained." (Id.) Plaintiffs allege that they were temporarily suspended from Delta College for an alleged assault on a Delta College police officer. (See id. ¶ 21(i).)

    B.    The Pending Discovery Dispute

The present discovery dispute relates to Ruley's employment after leaving her position as a Delta College police officer. Ruley testified at deposition that she left her employment with Delta College in or around May 2008, after one year of employment. (Abbott

3

Decl., Ex. 4 at 3, Dkt. No. 95, Doc. No. 95-2; see also Meleyco Decl., Ex. A at 2, Dkt. No. 96, Doc. No. 96-1.)  She further testified that she currently works full-time for "the Gallo family," performing "executive protection and corporate security" services.[4]  (Abbott Decl., Ex. 4 at 3; see also Meleyco Decl., Ex. A at 2.)  Ruley testified that she began working for the Gallo family in or around January 2009.  (Abbott Decl., Ex. 4 at 3; see also Meleyco Decl., Ex. A at 2.)

On April 6, 2011, plaintiffs served a document subpoena on "Gallo Winery," a non-party, pursuant to Federal Rule of Civil Procedure 45.  (Abbott Decl. ¶ 2 & Ex. 1.)  The subpoena commands Gallo Winery to produce and permit the inspection and copying of the following:

> Any and all employment records, applications, performance reviews, resumes, training documents, permits of any kind, time sheets, payroll information, any type of written or electronic correspondence between Ruley and Gallo, and any other type of information created or maintained during the employment of Ruley by Gallo.

(Abbot Decl., Ex. 1 at 1.)  The subpoena commanded production on April 20, 2011.  (Id.)

On April 7, 2011, the District's counsel contacted plaintiffs' counsel by letter in an effort to meet and confer regarding the subpoena.  (Abbott Decl. ¶ 3 & Ex. 2.)  In short, the District objected to the subpoena on the grounds that the information sought—Ruley's employment records that post-date the incident in question and Ruley's employment with the District—falls outside of the scope of permissible discovery under Federal Rule of Civil

---

[4] In the Joint Statement, plaintiffs assert in reliance on a website that the "court may judicially notice that the Gallo family is a nationally known, very wealthy local family, and the Gallo Winery is a large local, very wealthy, nationally known business enterprise." (Joint Statement at 4.)  Plaintiffs recite these facts in support of the following conclusion: "So members of either and/or both may require private security/body guards." (Id.)  As an initial matter, plaintiffs offer no legal basis establishing that the facts recited by plaintiffs are indeed judicially noticeable.  In any event, the size, wealth, and prominence of either the "Gallo family" or the Gallo Winery is irrelevant to the pending discovery dispute.  The parties agree that Ruley is employed by the Gallo family in the field of executive protection and corporate security services.  At most, plaintiffs' allusion to the size, wealth, and prominence of the Gallo family and the Gallo Winery is in furtherance of plaintiffs' completely baseless and derogatory suggestion that "the willingness to use force, including excessive force, might even be a desirable qualification for" a position providing executive protection and corporate security services.  (See Joint Statement at 5.)  Plaintiff's request for judicial notice is denied.

1 | Procedure 26(b)(1).  (Abbott Decl., Ex. 2 at 1.)

2 | In a letter dated April 13, 2011, plaintiffs' counsel responded to the District's
3 | counsel's letter.  (Abbott Decl. ¶ 4 & Ex. 3.)  The substance of plaintiffs' counsel's response
4 | consists of the following:

> I think [Ms. Ruley's employment records from Gallo Winery] would be relevant to show what she is doing now, considering what she has done in the past, and helpful for an expert to review.  It would also go to her credibility to see if it bears out what she said in her deposition.

8 | (Abbott Decl., Ex. 3 at 1.)

9 | On April 14, 2011, the District filed the pending motion for a protective order
10 | pursuant to Federal Rule of Civil Procedure 26(c)(1).  Briefly stated, the District contends that
11 | plaintiffs "have no legitimate purpose for discovering RULEY's employment records at Gallo
12 | Winery, except to cause annoyance, embarrassment and oppression to RULEY."  (Memo. of P. &
13 | A. In Supp. of Mot. for Prot. Order at 3; see also Joint Statement at 7.)  Additionally, the District
14 | contends that a protective order is necessary to protect Ruley's "privacy interest in her
15 | employment records pursuant to Cal. Constitution, Article 1, section 1."  (Memo. of P. & A. In
16 | Supp. of Mot. for Prot. Order at 3; see also Joint Statement at 6-7.)

17 | II.     LEGAL STANDARDS

18 | Federal Rule of Civil Procedure 26(b)(1) provides, in part, that "[p]arties may
19 | obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or
20 | defense."  It further states that "[r]elevant information need not be admissible at the trial if the
21 | discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

22 | However, there are limits to these general discovery principles.  Pursuant to
23 | Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to
24 | protect a party or person from annoyance, embarrassment, oppression, or undue burden or
25 | ////
26 | ////

1 expense."[5] The party seeking the protective order has the burden "to 'show good cause' by
2 demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc.,
3 364 F.3d 1057, 1063 (9th Cir. 2004) (citation omitted); see also Beckman Indus., Inc. v. Int'l Ins.
4 Co., 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific
5 examples or articulated reasoning, do not satisfy the Rule 26(c) test" (citation and quotation
6 marks omitted)). "'If a court finds particularized harm will result from disclosure of information
7 to the public, then it balances the public and private interests to decide whether a protective order
8 is necessary.'" Rivera, 364 F.3d at 1063-64 (quoting Phillips ex rel. Estates of Byrd v. Gen.
9 Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002)).

## III. DISCUSSION

The District offers two bases for its argument that good cause supports the entry of the protective order sought. First, the District argues that Ruley's employment records related to her employment with the Gallo Winery and Gallo family are not relevant to any subject matter involved in this litigation and the discovery of such records is not reasonably calculated to lead to the discovery of admissible evidence. (Joint Statement at 6.) In short, the District contends that information about Ruley's employment performing private security services for the Gallo Winery and Gallo family is not relevant because such employment post-dates Ruley's involvement in the incident at the heart of this litigation and her employment with the District or Delta College. (Id.) Second, the District argues that a protective order is "necessary to protect RULEY's privacy interest in her employment records pursuant to Cal. Constitution, Article 1, section 1."[6] (Joint

---

[5] A motion seeking such relief "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). The District's attorney, J. Anthony Abbot, filed a declaration under penalty of perjury that reflects that the District has attempted to meet and confer in good faith with plaintiffs' counsel. (See Abbott Decl. ¶¶ 3-4.)

[6] Section 1 of Article I of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety,

1  Statement at 6-7.)

2  For their part, plaintiffs offer several counter arguments in the Joint Statement.[7]
3  First, plaintiffs curiously argue that the stipulated protective order approved by this court, which
4  only preserves the confidentiality of Ruley's employment records that pertain to Ruley's
5  employment with the District, "is fully sufficient to protect defendant Ruley's privacy interests in
6  the discovery of her employment records in her current position."[8]  (Joint Statement at 8; see also
7  Am. Stipulated Prot. Order, Dkt. No. 64, and attached as Ex. C. to Meleco Decl., Dkt. No. 96,
8  Doc. No. 96-1.)  Second, plaintiffs argue that Ruley's privacy interests must give way to
9  "discovery regarding citizen's complaints."  (Joint Statement at 8.)  Third, plaintiffs argue that
10 Ruley's employment records are "potentially, highly relevant."  (See id. at 8 (capitalization
11 omitted).)

12 The undersigned need not resolve whether Ruley's privacy interests in her
13 employment records trump the discovery sought through plaintiffs' subpoena because plaintiffs

---

happiness, and privacy."  Oddly, the District only relies on authorities from federal courts in Hawaii and Tennessee in furtherance of its argument that Ruley possesses a privacy interest in her employment records under California law.  (See Joint Statement at 6.)  Federal courts have recognized the privacy protection accorded to a person's personnel records and employment information under the California Constitution.  See, e.g., Bickley v. Schneider Nat'l, Inc., No. C 08–5806 JSW (JL), 2011 WL 1344195, at *2 (N.D. Cal. 2011) (unpublished) (collecting cases and stating that "[a]n employee's personnel records and employment information are protected by the constitutional right to privacy"); Official Unsecured Creditors Comm. of Media Vision Tech., Inc. v. Jain, 215 F.R.D. 587, 590 (N.D. Cal. 2003).  However, as discussed below, the court need not delve into the application of privacy rights provided by the California Constitution in this federal question action.

[7] In the Joint Statement, plaintiffs do not rely on all of the arguments contained in their counsel's meet-and-confer letter dated April 13, 2011.  (See Abbott Decl., Ex. 3.)  Specifically, plaintiffs do not argue that the discovery sought would be helpful for an expert to review or bear on Ruley's credibility vis-a-vis Ruley's deposition testimony.  However, at the hearing, plaintiffs' counsel again raise the issue of Ruley's credibility.  His argument was entirely unpersuasive.

[8] As a matter of scope, plaintiffs do not suggest how the Amended Stipulated Protective Order covers Ruley's employment records generated through her employment with the Gallo family or the Gallo Winery.  By its terms, the Amended Stipulated Protective Order does not appear to reach Ruley's Gallo-related employment records.  (See Am. Stipulated Prot. Order ¶¶ 1(a), 1(c), 2(a).)

7

have offered no basis upon which the court could conclude that the discovery sought is relevant to any party's claim or defense in this case or reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Ruley's employment records that relate to her employment by a private employer, which significantly post-date the alleged incident involving plaintiffs and Ruley and Ruley's employment with the District or Delta College, have no bearing on plaintiffs' claims or Ruley's defenses. Moreover, plaintiffs have not persuasively articulated how discovery of these records is reasonably calculated to lead to the discovery of admissible evidence. Instead, plaintiffs offer largely conclusory or searching statements. In this regard, plaintiffs argue that excessive force can be applied by private security employees as well as public law enforcement officers. Moreover, they baselessly argue that "the willingness to use force, including excessive force, might even be a desirable qualification for" a position providing executive protection and corporate security services. (See Joint Statement at 5.) It is apparent to the undersigned that plaintiffs simply wish to rummage around in Ruley's present employment in furtherance of an unfocused fishing expedition.[9] Given plaintiffs' apparent aims, a protective order is warranted to protected Ruley from annoyance, embarrassment, oppression, and undue burden. See Fed. R. Civ. P. 26(c)(1); see, cf., Compaq Computer Corp. v. Packard Bell Elec., Inc., 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("Obviously, if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed . . . would be by definition 'undue.'"). Accordingly, the District's motion for a protective order is granted.

////

////

---

[9] At the hearing, plaintiffs' counsel conceded that the subpoena at issue furthers a "fishing expedition," but suggested that the fishing expedition is a permissible given the lack of evidence that plaintiffs have been able to acquire as compared to the amount defendants have thus far acquired. The undersigned disagrees and advises plaintiffs that they are not entitled to pursue such fishing expeditions simply because their case might not be proceeding as well as they had hoped and they would like to level the playing field with "Hail Mary"-type discovery.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' request for judicial notice is denied.

2. Defendant San Joaquin Delta Community College District's motion for a protective order (Dkt. No. 95) is granted.

3. Plaintiffs may not copy, inspect, or otherwise attempt to obtain the employment records of defendant Daniele Ruley from her current employer, Gallo Winery and/or the "Gallo family."

IT IS SO ORDERED.

DATED: May 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE