IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHIRLEY A. NEWMAN and
ANTHONY C. BUTLER,

      Plaintiffs,                      No. 2:09-cv-03441 WBS KJN

    v.

SAN JOAQUIN DELTA COMMUNITY
COLLEGE DISTRICT, a public entity;
DANIELE RULEY, JAMES WOOD,

      Defendants.                ORDER
_____/

        Presently before the court is defendant San Joaquin Delta Community College District's ("District") motion to: (1) re-open discovery for the limited purpose of taking a second deposition of F. Karl Gregorius, M.D., who is plaintiff Shirley Newman's treating physician and non-retained expert, and who was deposed in this case in September 2009, before this case was removed to federal court; and (2) to compel the taking of Dr. Gregorius's second deposition on topics pertaining to plaintiff Shirley Newman.[1] (See generally Mot. to Re-Open Discovery &

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1). The undersigned notes that in plaintiffs' portion of the Joint Statement re Discovery Disagreement, plaintiffs argued that the undersigned lacked authority to modify the district judge's scheduling order. Plaintiffs' assertion that the undersigned lacks authority to modify the scheduling order is incorrect because the scheduling

1

Mot. To Compel, Dkt. No. 114.) Although defendant James Wood did not separately notice Dr. Gregorius's deposition, he filed a notice of joinder in the District's motion. (Dkt. No. 126.) And although Dr. Gregorius appears to have initially agreed to the taking of his second deposition, he later objected to some aspects of the proposed deposition. Plaintiffs objected to the second deposition.

The court heard this matter on its law and motion calendar on August 25, 2011. Attorney James T. Anwyl appeared on behalf of the District. Attorney James B. Carr appeared on behalf of defendant Wood. Attorney Aaron T. Schultz appeared on behalf of Dr. Gregorius. Attorney Kenneth N. Meleyco appeared on behalf of plaintiffs.

The undersigned has fully considered the parties' submissions and oral arguments, and appropriate portions of the record in ths case. For the reasons stated on the record during the hearing, the undersigned: (1) grants the District's motion to re-open discovery for good cause shown; and (2) grants, in part, the District's motion to compel the limited deposition of Dr. Gregorius. The second deposition will be limited as stated below.

Accordingly, IT IS HEREBY ORDERED that:

1.   Defendant San Joaquin Delta Community College District's motion to re-open discovery and to compel the second deposition of Dr. Gregorius (Dkt. No. 114) is granted in part as provided below.

2.   Counsel for the parties and Dr. Gregorius shall agree on a date for Dr. Gregorius's prompt deposition. In the absence of an agreement of counsel, Dr. Gregorius's deposition shall be taken no later than September 9, 2011, and preferably no later than September 2, 2011, because a final pre-trial conference is currently scheduled to take place on September 19, 2011 (see Stip. & Order, Dec. 21, 2010, Dkt. No. 62).

---

order in this case permits the magistrate judge to modify, among other things, the discovery completion deadline. (See Status (Pretrial Sched. Order, May 13, 2010, at 5 ("Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge."), Dkt. No. 33.)

        3.       The deposition of Dr. Gregorius shall be limited to three hours in length.

        4.       The deposition of Dr. Gregorius shall be substantively limited to the following topics:

        a.       Dr. Gregorius's care and treatment of plaintiff Shirley Newman since Dr. Gregorius's September 17, 2009 deposition in this case.

        b.       Dr. Gregorius's opinions, as Ms. Newman's current treating physician, regarding his current diagnosis and prognosis for Ms. Newman and Ms. Newman's need for future treatment and care.

        c.       Dr. Gregorius's communications with, including opinions shared with, plaintiffs' retained expert Ruth Swiggum, of Swiggum Med-Legal Consultants.

        d.       Whether Dr. Gregorius has received any information since his September 17, 2009 deposition that pertains to Ms. Newman, and whether Dr. Gregorius's consideration of that more recently acquired information altered or changed Dr. Gregorius's opinion regarding the cause or causes of Ms. Newman's alleged conditions or injuries. Dr. Gregorius may be asked questions regarding why his opinion regarding causation was, or was not, affected by consideration of the more recently acquired information.

        5.       None of the parties shall be awarded reasonable expenses incurred in bringing, or defending against, the motion.

IT IS SO ORDERED.

DATED: August 26, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE